# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00406-MOC
# (CRIMINAL CASE NO. 3:12-cr-00114-MOC-DSC-1)

| | |
|---|---|
| **ADRIAN CHRISTOPHER SOLARES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response by United States to Motion to Vacate, Correct, or Set Aside Conviction and Sentence [CV Doc. 9]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On March 21, 2012, Petitioner Adrian Christopher Solares ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit Hobs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); one count of possession of a firearm in furtherance of a crime of violence, that is, Hobbs Act robbery conspiracy as charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and one count of conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Three). [CR Doc. 8: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00406-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00114-MOC-DSC-1.

On August 14, 2012, pleaded guilty to all counts without a plea agreement. [CR Doc. 39]. The Petitioner faced a maximum term of 20 years' imprisonment for Count One, see 18 U.S.C. § 1951(a); a minimum term of imprisonment of five years to life on Count Two, see 18 U.S.C. § 924(c)(1); and a maximum term of 20 years' imprisonment for Count Three, see 18 U.S.C. § 924(o).

In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). [CR Doc. 64]. In the PSR, the probation officer noted the mandatory 5 years-to-life consecutive sentence for Petitioner's § 924(c) conviction. [Id. at ¶ 68]. The probation officer found the Total Offense Level to be 22 and the Criminal History Category to be II, yielding a Guidelines Range calling for a term of imprisonment between 46 to 57 months, with the statutory term on Count Two to run consecutively. [Id. at ¶¶ 32, 39, 68].

The Petitioner was sentenced on June 5, 2014. At the hearing, the Court sentenced Petitioner below the advisory Guideline range to terms of imprisonment of 33 months on Counts One and Three, to run concurrently, and a consecutive term of 60 months on Count Two, for a total term of 93 months' imprisonment. [CR Doc. 74: Judgment]. Judgement was entered on July 8, 2014. [Id.]. On September 9, 2014, Petitioner appealed the judgment to the Fourth Circuit Court of Appeals. [CR Doc. 78]. The Fourth Circuit affirmed Petitioner's conviction. [CR Doc. 87].

On June 17, 2016, the Petitioner filed the present motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. [CV Doc. 5]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme

Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. The Court ordered the parties to show cause why the stay in this matter should not be lifted in light of Davis. After the Government responded to the show cause Order [Doc. 7], the Court lifted the stay and ordered the Government to respond to Petitioner Section 2255 motion to vacate. [Doc. 8]. On December 2, 2019, the Government filed its response, agreeing that Petitioner's convictions under 18 U.S.C. § 924(c) and (o) are invalid and that Petitioner should be resentenced on his remaining count of conviction. [Doc. 9].

Having been fully briefed, this matter is ripe for disposition.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment

based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, in his Section 2255 Motion to Vacate, the Petitioner argues his §§ 924(c) and (o) convictions are invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence," while § 924(o) criminalizes conspiracy to possess a firearm in furtherance of an offense under § 924(c). Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, the predicate conviction in Petitioner's criminal proceedings, Hobbs Act conspiracy, can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 2-5]. Three years after the Petitioner filed his original Section 2255 motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Davis yields directly that which Petitioner wanted the Court to extrapolate from Johnson. Under Davis, Petitioner's convictions on Count Two and Three are valid only if Hobbs Act conspiracy qualifies as a "crime of violence" under § 924(c)'s force clause. The instant case, therefore, turns on whether Hobbs Act conspiracy qualifies as a crime of violence under § 924(c)'s

4

force clause. The Fourth Circuit squarely addressed this issue in <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019), concluding that Hobbs Act conspiracy does not categorically qualify as a crime of violence under the force clause. 914 F.3d at 233-34. As such, Petitioner's convictions under 18 U.S.C. § § 924(c) and (o) are no longer valid and the Court must vacate them under Section 2255.

In sum, the Court will grant Petitioner's Section 2255 motion and vacate his §§ 924(c) and (o) convictions.

## IV. CONCLUSION

Having concluded that Petitioner's convictions under §§ 924(c) and (o) for the use of a firearm in furtherance of a crime of violence and for conspiracy to possess a firearm in furtherance of a crime of violence, respectively, are unconstitutional, the Court will grant Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. The Court will further order that Petitioner's convictions under §§ 924(c) and (o) be vacated and that Petitioner be resentenced.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **GRANTED** and Petitioner's convictions under §§ 924(c) and (o) are hereby **VACATED**.

(2) The Petitioner shall be resentenced on the remaining counts on which he was convicted. The Clerk is respectfully instructed to schedule a hearing for Petitioner's resentencing within sixty (60) days of this Order.

(3) The Clerk is also respectfully instructed to provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshal Service, and the U.S. Probation and Pretrial Services

Office.

Signed: December 12, 2019

Max O. Cogburn Jr
United States District Judge